No. 17,270.

FRAKA ET AL. *v*. MALERNEE.

(267 P. [2d] 651)

Decided February 15, 1954.   Rehearing denied March 8, 1954.

Messrs. GARRISON, DILTS & HANCOCK, for plaintiffs in error.

Mr. GEORGE R. ARMSTRONG, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

PLAINTIFF in error, Wanda Fraka, was one of two defendants in the trial court, and defendant in error was plaintiff. We will refer to the parties as they appeared below.

May 23, 1952, plaintiff filed his complaint to recover damages for personal injuries allegedly sustained by him as the result of an automobile accident which he claimed was caused by the negligence of said defendant.

Summons to appear was served July 1, 1952. No appearance having been entered before or on July 23, 1952, defendant's default was duly entered, and on the same day evidence was taken and judgment entered in favor of plaintiff for the sum of eleven thousand three hundred sixty-seven dollars and fifty cents.

July 25, 1952, defendant, by her attorneys, filed a motion to set aside the judgment entered July 23rd. This motion was heard and denied on the 10th day of October, 1952. It is apparent from the record that the trial court gave careful consideration to the motion, and we are fully satisfied that no error was committed in the denial thereof.

October 20, 1952, counsel for defendant filed separate instruments entitled, "Motion for New Trial," and "Motion for Amendment of Judgment." Plaintiff's attorney moved to strike these documents.

November 5, 1952, defendant's attorneys filed a motion for an extension of time for the filing of the above mentioned "Motion for New Trial," and also a document entitled, "Motion to Set Aside, Vacate and Hold for

Naught," by which they sought to have the judgment vacated.

September 15, 1953, the trial court entered an order which in part is as follows:

"Defendants' 'Motion to Set Aside the Judgment' was filed in apt time, was duly and carefully considered by the Court, and by the aforesaid Order of October 10, 1952, was overruled. We are of the opinion that such Order concluded the cause, and precluded defendants from raising the same and added objections, by subsequent Motions, including 'Motion for New Trial.'

\* \* \*

"A specific and complete procedure pertaining to defaults and judgments thereon, as well as affording relief therefrom, had been supplied by our Rules of Civil Procedure. *Rule 55 in Rule 60 C (b)*. The defendant, in his Motion filed July 25, 1952, followed such procedure. We find no authority to warrant the filing of Motion for New Trial or other motions raising the same question as is here attempted. Such motions must be now stricken.

"In short, it is our holding that a motion for new trial cannot be entertained where default has been entered and judgment entered thereon.

"Therefore, it is ordered that the defendants' Motions, filed October 20, 1952 and November 5, 1952, and each and all of them be and the same are hereby overruled and denied."

October 9, 1953, within one day of a full year after the judgment was entered in the trial court, writ of error was issued by this Court. December 9, 1953, application for supersedeas was filed; however, no brief in support of the application was filed therewith, as is required under the provisions of Rule 113(a) R.C.P. Colo. Without any showing for the late filing of the brief in support of the application for supersedeas, and without the Court's permission to file same, a brief was received by the clerk of this Court on December 28, 1953, in support of the application.

90

■ Counsel for defendant in error, having received a copy of the brief above mentioned, and after the expiration of ten days within which his answer brief should have been filed under the clear requirement of Rule 113 (a), supra, filed his motion for extension of time within which to file his answer brief. Under the plain language of Rules 6 and 115, R.C.P. Colo., his right to file an answer brief was lost because no request for extension of time was made within the time limit the brief was due under the rule, except upon a showing that his failure to act was the result of excusable neglect. No such showing is made by plaintiff's attorney. The foregoing facts point out the necessity for this Court to command the attention of members of the bar, and to sound a warning that failure of a lawyer to observe and comply with our Rules of Civil Procedure may result in disaster to the cause of his client.

Because the writ of error in the instant cause must be dismissed, and for the reason that there seems to be a growing tendency among members of the bar to believe that briefs can be filed whenever it is convenient, and that the Rules of Civil Procedure relating to proceedings before this Court can be ignored or violated without serious consequences, we feel compelled to say that failure to follow the established rules of appellate practice may be fatal to a cause. Our Court intends to enforce the Rules of Civil Procedure, and we solicit the cooperation of members of the bar, with the firm belief that they will approve an orderly procedure in appellate practice which can only be brought about by the observance of the rules which must govern that practice. We return to a consideration of the case at hand.

Question to be Determined.

*Where a judgment has been entered by default, and a timely motion has been made to vacate the judgment and permit the cause to proceed to trial upon issues to be framed by answer to be filed thereafter; and where such motion has been heard and denied; is there any*

*authority under the Rules of Civil Procedure for the filing of a motion for a new trial or other procedure before the trial court, seeking to void the judgment?*

The question is answered in the negative. As already noted, the trial court ruled that when the motion to vacate the judgment was denied on October 10, 1952, the action was finally concluded in the district court. There is no authority for, and there can be no motion for a new trial in an action in which there never has been a trial upon any issue of law or fact. The hearing of evidence in support of a complaint *after default* is not a "trial" within the meaning of Rule 59, R.C.P. Colo., which provides, inter alia: "A new trial may be granted to all or any of the parties, and on all or part of the issues, *after trial* by jury, court or master * * *." (Emphasis supplied.) Where a defendant has made default, and judgment has been entered against him, he is not entitled to file pleadings contesting the allegations of plaintiff until his default and the judgment entered thereon have been set aside in a proper proceeding. Such a defendant has no "standing in court to move for a new trial, either for cause or as a matter of right." 6 Encyclopedia Pleading and Practice, page 127; *Title Insurance & Trust Co. v. King Land & Improvement Co.,* 162 Cal. 44, 120 Pac. 1066; 39 Am. Jur., page 44, section 20.

Rule 60 C (b) R.C.P. Colo., sets forth the procedure to be followed where one seeks to set aside a judgment entered by default. In the instant case defendant followed this procedure and failed to accomplish his purpose. Having failed in the only procedure authorized by the rules, he sought by unauthorized methods to obtain the desired result. The issue finally was determined October 10, 1952. The above mentioned rule provides in part, "A motion under this subdivision does not affect the finality of a judgment or suspend its operation." Thus, the date of the judgment to which the writ of error is directed in this action is July 23, 1952. In *Kinzbach v. Midwest Plumbing & Heating Co.,* 128 Colo. 370, 262 P.

(2d) 548, our Court held that motions for which there is no authority under our Rules of Civil Procedure are inoperative for any purpose. We quote from the opinion in that case as follows: "Our attention has not been directed to any rule of civil procedure which might justify the filing of the motion to vacate the order granting a new trial. The issue as to whether a new trial should be granted was finally determined in the instant case on June 8, 1951."

■ Rule 111 (b) R.C.P. Colo., as applied to the judgment in this case requires dismissal of the writ of error, for the reason that it was not issued within three months from the effective date of the rule. The Amended Rule (limiting writs of error to three months from date of judgment) became effective February 12, 1953. The writ of error was issued in this cause on October 9, 1953, far beyond the time within which it it could be effective for any purpose.

Accordingly the writ of error is dismissed.

MR. JUSTICE HOLLAND not participating.