295 P.2d 231 (1956)
Cherry HILL, Plaintiff in Error,
v.
The BENEVOLENT LEAGUE OF COLORADO TRAVELERS ASSOCIATION, Defendant in Error.
No. 17856.
Supreme Court of Colorado, En Banc.
March 26, 1956.
Alice Loveland, Denver, for plaintiff in error.
John Iacoponelli, Denver, for defendant in error.
HOLLAND, Justice.
Plaintiff in error as plaintiff on October 27, 1953 filed her complaint in the district court based upon a certificate of membership in the defendant association, seeking judgment for the benefits provided therein. Summons issued and was served upon the secretary-treasurer of defendant association on October 13, 1953. January 15, 1954, plaintiff filed her affidavit disclosing the amount due under the certificate sued upon and on the same date, upon motion of plaintiff and the affidavit, default of defendant was duly entered as per the following order:
"And, it appearing to the Court that the defendant has been regularly served with process, and has failed to answer the complaint herein, and the legal time for answering having expired and no answer, or motion having been filed herein, on motion of plaintiff, and on plaintiff's written affidavit, the default of the said defendant in the premises is hereby duly entered according to law.
"And Thereupon, on motion of said plaintiff, and on plaintiff's written affidavit,
"It Is Ordered By The Court That Judgment Be Entered herein in favor of the plaintiff, Cherry Hill, and against *232 the defendant, The Benevolent League of Colorado Travelers Association, in the sum of $2,067.50, and costs."
Judgment was so entered. After twenty-eight record entries of filings of motions and entry of orders, another judge on his own motion entered an order holding the said judgment to be void on the ground that the original judgment was entered by the clerk instead of by the court. To this later judgment a writ of error is prosecuted.
Counsel for plaintiff is correct in the contention that the judgment was entered by the court upon its order. There is nothing in the record to indicate that the judgment was entered by the clerk and to assume that it was is contrary to the plain and unambiguous wording of the record.
The first court or judge had jurisdiction of the parties and of the subject matter and every presumption is indulged in favor of the regularity of the entry of its judgment. To this judgment entered on January 15, 1954, no writ of error was prosecuted. On May 18 following, defendant association filed a motion to set aside the judgment, which motion was denied and no writ of error prosecuted from this order. At that point the judgment became conclusive. After the expiration of sixteen months, plaintiff proceeded regularly toward the collection of the judgment, and thereupon defendant began the filing of unauthorized motions leading up to the action of another judge of the same court declaring the judgment void on his own motion. This court has held that there is a clear distinction between a void judgment and an erroneous one; that where the court has jurisdiction of the parties and of the subject matter, its judgment is not void and its validity cannot be questioned by a collateral attack. If the judgment is erroneous it may be corrected by review on writ of error.
The jurisdiction of a district court is fixed by the Constitution, which gives it original jurisdiction of all cases at law and in equity and such appellate jurisdiction as may be conferred by law. This appellate jurisdiction does not extend to a review of the decisions and judgments of a court of co-ordinate jurisdiction or of a judge of such court.
Defendant association recognized the validity of the judgment in the first instance by filing its motion to vacate upon grounds concerning the merits of a defense. Johnson v. Johnson, 132 Colo. ___, 287 P.2d 49.
By not prevailing, defendant then made the other unauthorized collateral attack upon the judgment. We believe that the decision of this court in Fraka v. Malernee, 129 Colo. 87, 267 P.2d 651 is in point and controlling on the question here presented.
In accordance with the views herein expressed the order and judgment holding the original judgment void is reversed.