No. 20,084.

Roy Robles, Jr., *v.* The People in the Interest of Ronny Roy Robles, Minor.

(373 P. [2d] 701)

Decided July 30, 1962.

Mr. Milnor H. Senior, for plaintiff in error.

Mr. Robert S. Wham, Mr. Frank A. Elzi, Mr. Robert A. Powell, for defendant in error.

*In Department.*

Opinion by Mr. Justice Moore.

Violet Fransua filed a petition in the juvenile court of the City and County of Denver in which she alleged that the respondent Roy Robles Jr. (plaintiff in error) was the father of her child Ronny; that said child was

dependent upon the public for support, did not have proper parental care, and was entitled to support from the respondent father who failed and refused to support him.

Respondent appeared in the proceeding pursuant to process duly served on him. April 10, 1959, he signed and acknowledged a "Stipulation and Confession of Judgment" in which he admitted all the facts alleged in the petition, and consented to the court entering an order requiring him to provide for the support of said child. The order stipulated that respondent pay $20.00 per month from May 1, 1959, to May 1, 1960, "at which time said payments shall automatically be increased to the sum of $40.00 a month." The order contains the following statement:

"AND IT IS FURTHER ORDERED BY THE COURT that the records show that the respondent has been informed of his legal rights to counsel and to trial by jury and that he waived the same."

Respondent was cited in contempt proceedings for failure to make the payments as ordered, on three occasions. Upon hearing of the last contempt matter he was found in contempt, and the cause continued until May 2, 1961, in order to give him time to make a payment, in default of which he was to go to jail. On May 1, 1961, respondent filed a motion to vacate the judgment and order requiring him to make the payments for support of the child. Said motion was filed about twenty-five months following entry of the judgment. The motion was in the following form:

"COMES NOW Respondent, Roy Robles, Jr., by his attorney, Milnor H. Senior, and deposes and says:

"1. That he is the same Roy Robles who signed a Confession of Judgment and Admission on April 10, 1959, before this Court.

"2. That respondent was unrepresented by counsel and not aware of the legal implications of his act.

"3. That his consent was obtained in the office of the City Attorney, and respondent was without legal counsel and did not understand the procedures to which he was subjected.

"4. That at the time of the conception of the child which is the subject of this action, petitioner was married and the husband had access to the wife.

"5. That the respondent did not know the legal significance of this evidence among other facts.

"6. That the respondent has now consulted with an attorney and has been made aware of his rights under the law, remedies before this Court, and the significance of facts previously unknown to him.

"7. That the respondent has used due care and diligence upon learning of the above matters and has acted promptly in applying to the Court for redress.

"8. That the respondent has served notice upon the City Attorney, requesting that a paternity test be made upon the respondent, the petitioner, and the child in question.

"9. That the previous judgment and orders of the Court in this case for reasons stated above should have no force or effect.

"WHEREFORE, the respondent respectfully requests orders of the Court to vacate previous judgment and orders."

September 14, 1961, the trial court denied this motion and the matter is before this court on writ of error.

■ The final judgment in this cause, and the only judgment subject to review by writ of error, was entered April 10, 1959. Rule 60 (b) R.C.P. Colo., under which respondent filed the motion to vacate, provides in part:

"A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation." Rule 111 (a) and (b) R.C.P. Colo. requires that a writ of error issue within three months from the date of the entry of final judgment.

We think it sufficient to direct attention to the case of *Johnson v. Johnson,* 132 Colo. 236, 287 P. (2d) 49, from which we quote the following:

"The judgment of dismissal, entered March 29, 1954 having terminated and put an end to the case, remains final for all purposes and was unaffected by plaintiffs' motion to grant relief therefrom. Such motion, in any event, is directed to the discretion of the trial court, and when one files such a motion he admits for all practical purposes that the judgment is in all respects regular on the face of the record, but asserts that the record would show differently except for mistake, inadvertence, or excusable neglect on behalf of counsel or client. No such showing was here presented. * * * "

To like effect is *Fraka v. Malernee,* 129 Colo. 87, 267 P. (2d) 651.

There being no final judgment before us to which a writ of error will lie, the writ must be dismissed.

Writ or error dismissed.

MR. JUSTICE SUTTON and MR. JUSTICE FRANTZ concur.