566 P.2d 710 (1977)
WATERED DOWN FARMS, a joint venture, Plaintiff-Appellee and Cross-Appellant,
v.
Clarence ROWE, Defendant-Appellant and Cross-Appellee.
No. 76-783.
Colorado Court of Appeals, Div. II.
March 24, 1977.
As Modified On Denial of Rehearing May 19, 1977.
Certiorari Granted July 25, 1977.
*712 Leo W. Kennedy, Lakewood, for plaintiff-appellee and cross-appellant.
Rasband, Davies & Keith, Joseph A. Davies, Denver, for defendant-appellant and cross-appellee.
ENOCH, Judge.
Defendant, Clarence Rowe, appeals from a judgment denying his C.R.C.P. 60(b) motion to set aside a judgment entered against him in favor of plaintiff, Watered Down Farms. Plaintiff cross-appeals from a modification of the original judgment made during the C.R.C.P. 60(b) hearing. As a result of a preargument conference held pursuant to C.A.R. 33, we issued an order to show cause why defendant's appeal should not be dismissed for failure to file a motion for new trial, C.R.C.P. 59(f), and why plaintiff's cross-appeal should not be dismissed for failure to file a timely notice of appeal, C.A.R. 4(a). After considering their responses and the record filed in this case, we dismiss both defendant's appeal and plaintiff's cross-appeal.
As to defendant's appeal, the final judgment appealed from is the denial of defendant's motion, pursuant to C.R.C.P. 60(b), to set aside the judgment previously entered against him. In general, a timely motion for a new trial, or to alter or amend the judgment, is a jurisdictional prerequisite to appellate review of such judgment. C.R.C.P. 59(f); Janicek v. Hinnen, 34 Colo.App. 68, 522 P.2d 113. Certain exceptions to this requirement are stated in C.R.C.P. 59(h), but a ruling on a motion under C.R.C.P. 60(b) is not listed as one of the exceptions. Therefore, only if the hearing on the C.R.C.P. 60(b) motion involved no controverted issues of fact was defendant excused from filing a motion for new trial, or to alter or amend the judgment. See C.R.C.P. 59(h).[1]
Here, the circumstances relevant to defendant's failure to appear for trial are not disputed. What is disputed are the inferences and conclusion to be drawn from these circumstances, i. e., whether or not defendant's failure to appear resulted from excusable neglect.
Excusable neglect involves a situation where the failure to act results from circumstances which would cause a reasonably careful person to neglect a duty. Failure to act due to carelessness and negligence is not excusable neglect. Farmers Insurance Group v. District Court, 181 Colo. 85, 507 P.2d 865. Thus, just as in a tort action, the question is whether the party acted as a reasonably prudent person under the circumstances. See Hogue v. Colorado & Southern Ry., 110 Colo. 552, 136 P.2d 276. Even where the facts are undisputed, the issue of negligence is for the trier of fact so long as fairminded persons may draw different conclusions or inferences from the evidence. Yockey Trucking Co. v. Handy, 128 Colo. 404, 262 P.2d 930.
Here, the court had to draw inferences from the evidence in order to arrive at its conclusion. In deciding whether defendant's neglect was excusable, the court was acting as trier of fact and was deciding a controverted issue of fact as that term is used in C.R.C.P. 59(h). The issue of excusable neglect was decided against defendant and thus a motion for new trial addressed to the C.R.C.P. 60(b) ruling was required before defendant could seek review of that ruling.
Plaintiff also did not file a motion for new trial after the court vacated its award of exemplary damages and body execution as a result of the C.R.C.P. 60(b) hearing. However, we need not address this issue because in any event plaintiff's notice of cross-appeal was not timely filed. Plaintiff's notice of cross-appeal was filed 17 days after defendant filed his notice of appeal, and 45 days after entry of the judgment appealed from. A notice of appeal must be filed within 30 days of entry of the judgment or order appealed from or within *713 14 days after another party files a notice of appeal, whichever period terminates later. C.A.R. 4(a). Here, neither time limit was met.
Furthermore, under the facts of this case plaintiff's cross-appeal was not perfected even if filed within the 14-day period because defendant's appeal was jurisdictionally defective.
Plaintiff could have, but did not file his notice of appeal within 30 days after entry of judgment, which action would have protected his right of appeal regardless of defendant's actions. However, plaintiff waited until after expiration of the 30 days, and a cross-appeal filed after that period is valid only if the other party has in fact filed a "timely notice of appeal." A notice of appeal which is jurisdictionally defective is not a "timely notice of appeal" as contemplated in C.A.R. 4(a). Since defendant's appeal was defective as determined above, plaintiff's notice of appeal filed after the 30-day period was not timely. Furthermore, plaintiff made no effort to obtain an extension of time for filing. See C.A.R. 4(a). Therefore we are without jurisdiction to entertain the cross-appeal. Chapman v. Miller, 29 Colo.App. 8, 476 P.2d 763.
This result works no hardship on a cross-appellant. As previously indicated, a party who is dissatisfied with a judgment may always file a notice of appeal within 30 days after entry of judgment, without regard to the actions of the other parties.
The appeal of defendant Rowe and the cross-appeal of plaintiff Watered Down Farms are dismissed.
RULAND, J., concurs.
KELLY, J., dissents.
KELLY, Judge, dissenting:
I respectfully dissent. I would grant the petition for rehearing, and accordingly, I dissent from the modified majority opinion.
It is important to recognize certain pragmatic considerations underlying the requirement of a motion for new trial which are not applicable to cases in which the issues are framed by a C.R.C.P. 60(b) motion. The motion for a new trial provides the trial court its final opportunity to consider potential error arising during the course of a trial which may have involved intricate questions of both fact and law. In re Marriage of Gardella, Colo., 547 P.2d 928 (1976); C.R.C.P. 59(a). The motion and the trial court's rulings on the motion also set the issues for review by the appellate court. Furer v. Allied Steel Co., 174 Colo. 171, 483 P.2d 212 (1971); C.R.C.P. 59(f). However, Rule 60(b) motions ordinarily raise only one factual issue, and even if there be more, the factual questions are rarely controverted, complex, or unique. A 60(b) hearing is of short duration, the trial court's ruling on the motion manifests its resolution of all factual and legal issues. The probability that a trial court presented with a motion for new trial after its ruling on a 60(b) motion, would reverse its view of any factual issues is so slight as to be trifling when compared with the imbroglio created by the majority holding.
Rules 59 and 60 are reconcilable when they are allowed to operate independently. As there is no commonality between the grounds for relief delineated in Rule 60(b) and Rule 59(a), it is only reasonable to conclude that the kind of relief available, and the consequent procedural route by which such relief may be awarded, i. e., which rule governs, depends on the grounds asserted. The two rules are independent, though collateral, means of challenging judgments, the proper method of attack depending upon the grounds asserted and the procedural history of the case. See 7 J. Moore, Federal Practice ¶ 60.30[3] and ¶ 60.18[8] (2d ed.).
Fraka v. Malernee, 129 Colo. 87, 267 P.2d 651 (1954), is entirely consistent with the views I have expressed. The majority attempts to dismiss Fraka by relegating it to a footnote and observing that Fraka was decided prior to the addition of subparagraph (h) to Rule 59. But the majority has missed the significance of the Fraka opinion. The case determined two points of *714 particular importance here. First, Fraka held that the procedures to be followed in setting aside a default are delineated in what is now Rule 60(b) and that proceedings pursuant to Rule 60(b) are distinct from those under Rule 59. In addition, the Fraka court said:
"The hearing of evidence in support of a complaint after default is not a `trial' within the meaning of Rule 59, R.C.P. Colo., which provides, inter alia: `A new trial may be granted to all or any of the parties, and on all or part of the issues, after trial, by jury, court or master . . . .' " (emphasis in original)
Thus, distinguishing Fraka on the ground that it was decided prior to the promulgation of Rule 59(h) fails to confront the fact that Fraka addresses the term "after trial" as it appeared, and still appears, in Rule 59(a), and that, under this holding, motions on Rule 60(b) grounds never fall within the ambit of Rule 59.
Consequently, the majority's interpretation of these rules ties a knot in the procedural web: Specifically, the majority rules that an order entered pursuant to a motion under Rule 60(b) cannot be reviewed where there has been no motion for new trial, yet under Fraka, no motion for new trial can be entered in cases attacking default judgments. Rule 60(b) thus becomes surplus verbiage with no other function than to separate by five more pages the front and back covers of Volume 7, C.R.S. 1973, thereby subverting the clear policy of reducing publication of judicial materials enunciated in C.A.R. 35(f).
Although the trial court had heard evidence in support of the complaint before the default was entered, and considered the defendant's affidavit in ruling on the 60(b) motion, there has been no trial in this case. See Fraka v. Malernee, supra. The trial court's ruling was based on the affidavit and on the record. No evidence was taken as a result of the 60(b) motion, and the facts urged as establishing excusable neglect  the defendant's hospitalization and financial inability to retain a lawyer  are not controverted.
While the majority refers to inferences to be drawn by the trial court from this uncontroverted evidence, I am unable to see what inferences were required. The facts of the defendant's hospitalization and economic status were not challenged and the only question before the court was whether the defendant's neglect was excusable.
I would grant the petition for rehearing and allow the parties to address the question of the trial court's possible abuse of discretion in denying the 60(b) motion.
NOTES
[1] We have considered the case of Fraka v. Malernee, 129 Colo. 87, 267 P.2d 651, and the dictum therein, and find it to be inapplicable inasmuch as that case was decided before C.R.C.P. 59 was changed to include subsection (h).