## No. C-1268

## Clarence Rowe v. Watered Down Farms, A Joint Venture
(576 P.2d 172)

Decided March 27, 1978.

Rasband and Davies, Joseph A. Davies, for petitioner.

Leo W. Kennedy, for respondent.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

This case presents the issue of whether a motion for anew trial is a jurisdictional prerequisite for appellate review of the denial of a motion to vacate a default judgment. We reverse the court of appeals' decision in *Watered Down Farms v. Rowe*, 39 Colo. App. 169, 566 P.2d 710, and hold that a motion for a new trial must be made unless the C.R.C.P. 60(b) hearing on the motion to vacate does not involve "controverted issues of fact."

Respondent Watered Down Farms filed an action in Yuma County District Court on December 29, 1975, against petitioner Clarence Rowe. The complaint alleged breach of contract and sought actual damages of $153,217.06 and exemplary damages of $459,652. Petitioner filed an answer, but failed to appear for a hearing on motions on January 15, 1976. The matter was continued until January 22, but petitioner again failed to appear. The court conducted the hearing without petitioner and set trial for February 20.

On February 20, petitioner's daughter appeared and requested a two-week continuance. Trial was reset for March 25. Petitioner again failed to appear. Nonetheless, the court heard respondent's evidence and entered a default judgment against petitioner for $211,872.50 actual damages, $100,000 exemplary damages, and body execution.

Petitioner filed a Motion to Set Aside Default or, In the Alternative, For Relief From Judgment Under Rule 60(b). The ground stated for relief was "excusable neglect," based upon the fact that the petitioner was hospitalized by order of his physician and could not appear for trial. At the hearing on June 1, the court heard arguments of counsel and received an affidavit from petitioner's physician. On August 12, the court denied petitioner's motion to vacate the judgment of default, but did set aside the award of exemplary damages and body execution. On September 10, without moving for a new trial on the denial of his motion to vacate the default, petitioner filed a notice of appeal. Respondent cross-appealed the modification of the judgment which excised the exemplary damages and body execution.

In a split decision, the court of appeals dismissed both appeals. The court observed that, while there are exceptions to the requirement under C.R.C.P. 59(f) that a motion for a new trial be filed as a prerequisite to appellate review, the hearing on the C.R.C.P. 60(b) motion was not one of the exceptions. It perceived the question of "excusable neglect" to involve "controverted issues of fact," and therefore held that petitioner should have filed a new trial motion to entitle him to appeal as required by Rule 59(f). The appeal was then dismissed for lack of subject matter jurisdiction.

## I.

C.R.C.P. 60 does not specify whether a party may directly appeal a trial court's ruling on a Rule 60(b) motion or whether the filing of a motion for a new trial is a condition precedent to such an appeal.

As a general rule, a timely motion for a new trial is a jurisdictional prerequisite for appellate review of a lower court decision. *In Re Marriage of Gardella,* 190 Colo. 402, 547 P.2d 928. C.R.C.P. 59(f) specifically provides that a motion for a new trial is necessary for appeal when one is "claiming error in the trial of any case (except as provided in section (h) of this Rule) * * *." Rule 59(h) specifies when a motion for a new trial is not necessary and reads as follows:

"When final judgment is entered pursuant to motion filed under the grounds stated in Rule 12(b) (1) to (6), inclusive, or after hearing on motion filed pursuant to Rule 12(c) or 56; or after pretrial conference, or *after any hearing not involving controverted issues of fact;* the party claiming error may appeal without the necessity of filing a motion for new trial or a motion to alter or amend a judgment." (Emphasis added.)

A proper interpretation of the rules of civil procedure requires that they be read together. The references in Rule 59(f) to "the trial of any case" and in Rule 59(h) to "any hearing" indicate the broad application that is given to Rule 59. Disputed factual issues are often presented for determination in a "hearing" as well as in a "trial," and it is salutary to provide the trial court the opportunity to correct errors it might have

made in both instances.

We find the federal case law which holds to the contrary to be inapplicable because Rule 59 of the Federal Rules of Civil Procedure does not require the filing of a motion for a new trial as a prerequisite for appellate review in any situation.

We hold that a motion for a new trial is a jurisdictional prerequisite for appellate review of a grant or denial of a C.R.C.P. 60(b) motion when there has been a hearing involving controverted issues of fact. We interpret the phrase "not involving controverted issues of fact" in C.R.C.P. 59(h) to pertain to hearings in which the underlying facts and circumstances are not in dispute. *See Colorado State Board of Social Services v. Billings,* 175 Colo. 380, 487 P.2d 1110. The court of appeals adopted a more expansive view and found "controverted issues of fact" to exist when different inferences and conclusions could be drawn from undisputed facts. We disapprove of this test because of the difficulties in application it presents.

The record reveals that there were no controverted issues of fact in the C.R.C.P. 60(b) hearing in this case. The facts surrounding petitioner's absence at his trial were undisputed. The trial court merely received one affidavit and listened to the arguments of counsel as to whether the uncontroverted facts constituted excusable neglect. We need not determine whether the question of excusable neglect is best characterized as an issue of fact, an issue of law, or a combination of the two. Since the underlying facts are not in dispute, there are no controverted issues of fact within the meaning of C.R.C.P. 59(h). The petitioner, therefore, was not required to file a motion for a new trial and the court of appeals had subject matter jurisdiction of the appeal.

## II.

Our decision departs from *Fraka v. Malernee,* 129 Colo. 87, 267 P.2d 651. *Fraka* was decided prior to the adoption of C.R.C.P. 59(h). We expressly overrule *Fraka* insofar as *Fraka* dispensed with a motion for a new trial after the grant or denial of a C.R.C.P. 60(b) motion involving controverted issues of fact. Since we recognize that attorneys and parties have appropriately been relying on *Fraka* until now, we give only prospective effect to our holding in this case.

An attorney or party who is unsure whether his C.R.C.P. 60(b) hearing involved controverted issues of fact can preserve his appellate remedies by filing a motion for a new trial. Since C.R.C.P. 59(h) provides that one "may appeal" without filing a motion for a new trial when there are no controverted issues of fact, such a motion is optional. Therefore, even when a hearing does not involve controverted issues of fact, the wording of C.R.C.P. 59(h) permits one to choose whether or not to dispense with a motion for a new trial. *City and County of Denver v. Board of Adjustment,* 31 Colo. App. 324, 505 P.2d 44. Of course, if a motion for a

new trial is filed, the time for filing a notice of appeal would then be extended.

In sum, we hold that the court of appeals had subject matter jurisdiction of petitioner's appeal. We therefore reverse the judgment and remand the cause to the court of appeals for determination of the issues on appeal.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE KELLEY do not participate.