**Heather Nanci BACHMAN, Petitioner-Appellee,**

v.

**The COUNTY COURT OF SAN MIGUEL COUNTY and Mary Ellen Inama, a Judge thereof, Respondents.**

**Appeal of The OHIO CASUALTY INSURANCE COMPANY, INC., Respondent.**

No. 79CA0329.

Colorado Court of Appeals, Div. II.

Aug. 23, 1979.

Rehearing Denied Sept. 13, 1979.

Certiorari Denied Nov. 19, 1979.

Thomas A. Goldsmith, Telluride, for petitioner-appellee.

Cashen, Cheney, Johnston, Adamson & Campbell, Donald E. Cashen, Montrose, for respondent-appellant.

BERMAN,. Judge.

Appellant, Ohio Casualty Insurance Company, appeals from an order of the district court vacating the order of the San Miguel county court which had granted Ohio's motion for relief from a default judgment. We reverse.

On June 28, 1977, a default judgment was entered in the county court against Ohio. Ohio filed a motion for a new trial on July 13, which was within the fifteen days allowed by County Court Rule of Civil Procedure 359 (C.C.R.C.P.). Subsequently, on July 18, Ohio filed a motion for relief from judgment, *see* C.C.R.C.P. 355 and 360, and the county court, after a hearing, set aside the default.

Petitioner then commenced a C.R.C.P. 106 action in the district court. On review the district court held that C.C.R.C.P. 355(b) concerning the setting aside of default judgments, incorporates the time requirement of C.C.R.C.P. 411 regarding appeals, and that therefore, Ohio's motion for relief

from the default had to be filed within ten days of the judgment. The district court rejected Ohio's contention that the thirty day provision of C.C.R.C.P. 360 was applicable, and held that, since the motion for relief from the default was not filed within ten days, the county court had no jurisdiction to set aside the default.

Ohio then filed a motion for a new trial in the district court. In that motion, Ohio argued that its July 13th motion for a new trial in the county court had extended the time for filing an appeal, *see Denver v. Board of Adjustment,* 31 Colo.App. 324, 505 P.2d 44 (1972); C.C.R.C.P. 359(b), and that therefore, Ohio's motion for relief from the default had been timely filed.

The district court disagreed with this contention, and held that the county court motion for a new trial did not extend the time for filing an appeal. This was based on the district court's conclusion that the county court motion for a new trial, having been filed after a default, was a nullity. *See Fraka v. Malernee,* 129 Colo. 87, 267 P.2d 651 (1954).[1]

It is evident from the procedural history of this case, that the various rules, and the relevant time periods involved, are unclear and subject to conflicting interpretations. C.C.R.C.P. 355(b), regarding the setting aside of default judgments, refers to both "the time provided for appeals," and to Rule 360. C.C.R.C.P. 411 provides that a notice of appeal must be filed within ten days, but C.C.R.C.P. 360 allows a motion for relief from a judgment "within a reasonable time . . . not more than *thirty* days after the judgment . . . was entered." (emphasis added) To complicate matters further, C.C.R.C.P. 359 provides that, although a motion for a new trial is not required, such a motion "may be made within fifteen days of entry of judgment and if so made the time for appeal shall be extended until ten days after disposition of the motion."

1. The district court noted that although *Fraka* was partially overruled by *Rowe v. Watered Down Farms,* Colo., 576 P.2d 172 (1978), the case at bar was sufficiently different to make *Rowe* inapplicable, and that in any event, this case was prior to *Rowe,* the holding of which was expressly made prospective only.

Given this state of the rules, and the circumstances of this case, we conclude that fairness and the policy in favor of the resolution of litigation on the merits, *see R. F. v. D. G. W.,* Colo., 560 P.2d 837 (1977); *Farber v. Green Shoe Mfg. Co.,* Colo.App., 596 P.2d 398 (1979), preclude holding Ohio to any time requirement other than the most lenient provided by the rules.

Ohio's motion for relief from the default was within the thirty day limitation of C.C. R.C.P. 360, which rule does not, by its terms, exclude default judgments from its application. And, since Ohio filed a motion for a new trial in the county court, C.C.R. C.P. 359 indicates that the time for filing an appeal was extended. Thus, we conclude that the county court had jurisdiction to consider Ohio's motion for relief from the default, and the district court's contrary holding was erroneous.

The order of the district court is reversed, and the cause is remanded with directions to reinstate the order of the county court which vacated the default, and to remand the case to the county court for further proceedings.

PIERCE and JUDGE, JJ., concur.