**Runall G. CANADY, Plaintiff-Appellant,**

v.

**STATE of Colorado, DEPARTMENT OF ADMINISTRATION, Defendant-Appellee.**

**No. 82CA1427.**

Colorado Court of Appeals, Div. III.

Oct. 20, 1983.

Rehearing Denied Nov. 23, 1983.

Certiorari Denied April 2, 1984.

Holm & Christensen, P.C., Steven Christensen, Jon L. Holm, Denver, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H.

Forman, Sp. Asst. Atty. Gen., Maurice G. Knaizer, Asst. Atty. Gen., Denver, for defendant-appellee.

BABCOCK, Judge.

Plaintiff, Runall G. Canady, appeals the trial court's dismissal of his complaint against defendant, State of Colorado, Department of Administration, seeking review of a decision by the Personnel Board to terminate plaintiff's employment with the Department of Administration, Division of Communication. We dismiss the appeal.

On June 22, 1982, defendant's motion to dismiss plaintiff's complaint was granted on the ground that the trial court lacked subject matter jurisdiction in that plaintiff had not named the Personnel Board as a party. Plaintiff then prepared a "motion for reconsideration" asking the trial court to alter and amend the judgment dismissing his complaint. The certificate of mailing, which was not signed, was dated July 1, 1982, but the motion was not received by the clerk of the court until July 29, 1982, and was not filed until October 3, 1982. Thereafter, defendant filed a motion to strike the motion for reconsideration claiming that the motion had not been filed in a timely manner. Plaintiff responded with a motion for relief pursuant to C.R.C.P. 60(a) and 60(b).

On November 9, 1982, the trial court denied both of plaintiff's motions, finding that the motion for reconsideration had not been filed within the time required under C.R.C.P. 59 and that plaintiff had failed to show clerical mistake or excusable neglect pursuant to C.R.C.P. 60. Plaintiff's notice of appeal was then filed.

■ Plaintiff first contends that the trial court erred in denying his motion for relief pursuant to C.R.C.P. 60. The primary issue presented by this motion involved controverted issues of fact surrounding the filing of plaintiff's motion for reconsideration. Where there has been a hearing on a C.R.C.P. 60 motion involving controverted issues of fact, a motion for new trial is a jurisdictional prerequisite for appellate review. *Rowe v. Watered Down Farms*, 195 Colo. 152, 576 P.2d 172 (1978). Here, plaintiff failed to file a motion for new trial with respect to his C.R.C.P. 60 motion. Therefore, we have no jurisdiction to consider it on review. C.R.C.P. 59; *Rowe v. Watered Down Farms, supra.*

Plaintiff also contends that the trial court erred in dismissing his complaint; however, we are without jurisdiction to consider this issue.

■ Although an appeal from an order dismissing a complaint for failure to join an indispensable party may be taken without the necessity of filing a motion for new trial, if a party elects to do so, he must comply with the filing requirements of C.R.C.P. 59(b). *See Denver v. Board of Adjustment*, 31 Colo.App. 324, 505 P.2d 44 (1972).

■ Here, the trial court found that plaintiff did not file his motion for reconsideration seeking to alter and amend the judgment of dismissal in a timely manner. This finding is supported by the record and will not be disturbed on review. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979). Therefore, plaintiff's failure to file his motion within the time prescribed by C.R.C.P. 59(b), or any extension thereof, deprives this court of jurisdiction and requires dismissal of plaintiff's appeal. *National Account Systems, Inc. v. District Court*, 634 P.2d 48 (Colo.1981).

Appeal dismissed.

STERNBERG and TURSI, JJ., concur.