Almond Wesley TYLER, Petitioner,

v.

ADAMS COUNTY DEPARTMENT OF
SOCIAL SERVICES, ex rel. Patricia
Ann TYLER, Respondent.

No. 83SC221.

Supreme Court of Colorado,
En Banc.

March 18, 1985.

Donald L. Banghart, Lakewood, for petitioner.

Marie Volk Bahr, Asst. Adams County Atty., Commerce City, for respondent.

DUBOFSKY, Justice.

We granted certiorari to consider whether the defendant could appeal a judgment vacated and reentered by the district court in order to allow the defendant to file a motion for new trial, after the court erroneously had stated that the motion for new trial could be dispensed with for the original judgment. We conclude that the district court had jurisdiction and did not abuse its discretion in vacating and reentering its own judgment, and accordingly vacate the order of the Court of Appeals dismissing the defendant's appeal from the reinstated judgment.

The plaintiff, Adams County Department of Social Services, ex rel. Patricia Ann Tyler, brought suit in the Adams County District Court, alleging that the defendant, Almond Wesley Tyler, had failed to make child support payments to his ex-wife, Patricia Tyler. The district court entered judgment for $15,393 against the defendant

on July 27, 1982, after which the court engaged in the following colloquy with the defendant's counsel:

> THE COURT: I will enter a stay and no [supersedeas] bond has to be put up as a condition of appeal in the matter.
>
> Are you dispensing in effect with filing any other motion for a rehearing or a new trial so it is clear this is a final judgment today?
>
> [DEFENDANT'S COUNSEL]: I would normally file my motion for new trial, but I will dispense with that and start the appeal.
>
> THE COURT: All right. I will dispense with a motion for rehearing or a new trial and this is a final judgment with 30 days Notice of Appeal to commence from this day forward then.

On August 5, 1982, the district court entered a written order that stated in part,

> That the Court is dispensing with the necessity of Defendant bringing a Motion for New Trial or Rehearing in this matter and authorizing the Defendant to proceed with his appeal forthwith.

Relying on the district court's statements that the motion for new trial was unnecessary, the defendant filed a notice of appeal with the Court of Appeals, No. 82CA0941, without first filing a motion for new trial in the district court. The Court of Appeals issued an order to show cause and subsequently, on October 20, 1982, dismissed the appeal for lack of jurisdiction because a motion for new trial was a jurisdictional prerequisite for an appeal under the Colorado Rules of Civil Procedure then in effect.[1] *See Schuster v. Zwicker,* 659 P.2d 687 (Colo.1983). C.R.C.P. 59(f) specifically provided that "the trial court may not dispense with the necessity for filing such a motion."

After his appeal was dismissed, the defendant returned to the district court on

---

1. C.R.C.P. 59, which governed motions for new trial, provided that "[t]he party claiming error in the trial of any case ... must move the trial court for a new trial as herein above provided...." C.R.C.P. 59(f), 7A C.R.S. (1973). Effective January 1, 1985, C.R.C.P. 59 has been amended to provide that "a motion for post-trial relief shall not be a condition precedent to appeal or cross-appeal...," although a motion for new trial retains its efficacy. Court Rules Update, C.R.S. Special Supp. (1984).

November 8, 1982, and filed a motion for relief from the judgment on the basis of excusable neglect under C.R.C.P. 60(b),[2] along with a motion for new trial under C.R.C.P. 59. The district court held a hearing on these motions on December 7, 1982. The court granted the defendant's motion to vacate the judgment, then promptly reinstated the judgment and denied the defendant's motion for new trial.[3] The defendant on December 22, 1982, appealed the reinstated judgment to the Court of Appeals, No. 83CA0030. The Court of Appeals on May 11, 1983, again dismissed the action, on motion by the plaintiff.[4]

Because the Court of Appeals dismissed the defendant's second appeal without comment, we do not know the basis for the dismissal. We have reviewed the record in this case, however, and conclude that the district court did not abuse its discretion by vacating and reinstating the original judgment. The Court of Appeals should have considered the merits of the defendant's appeal of the reinstated judgment after his motion for new trial had been heard and denied.

■ The first question we consider is whether the district court had jurisdiction to vacate its judgment after the defendant's first appeal was dismissed by the Court of Appeals. Usually, a dismissal of an appeal serves to affirm the lower court's judgment, unless the dismissal is granted without prejudice. *Whipple v. Wessels,* 66 Colo. 120, 180 P. 309 (1919); *see also Davidson Chevrolet, Inc. v. City & County of Denver,* 137 Colo. 575, 328 P.2d

377 (1958), *cert. denied,* 359 U.S. 926, 79 S.Ct. 609, 3 L.Ed.2d 629 (1959) (court does not have jurisdiction to vacate own judgment while pending on appeal; when appeal dismissed without prejudice, original judgment remains in full force and effect). In this case, however, the Court of Appeals did not review the merits of the appeal of the original judgment, but instead dismissed the appeal for lack of jurisdiction. Such a dismissal did not serve to affirm the original judgment; rather, the dismissal left the judgment as though it had never reached the appellate court. The district court thus retained jurisdiction to consider motions under C.R.C.P. 60(b) for the period granted by the rule: a reasonable time not to exceed six months from the date of the judgment. The defendant's C.R.C.P. 60(b) motion filed on November 8, 1982, fell within this time period.

■ Because the district court had jurisdiction to consider the defendant's motion to vacate the judgment, the next issue is whether the court abused its discretion in granting the defendant's motion based on excusable neglect. The plaintiff has suggested that C.R.C.P. 60(b) cannot provide relief for a mistake or excusable neglect that occurs after the judgment is entered. The federal courts have not interpreted the equivalent federal rule, Fed.R.Civ.P. 60(b), so narrowly, *see John E. Smith's Sons Co. v. Lattimer Foundry & Machine Co.,* 239 F.2d 815, 817 (3d Cir.1956); *Crawford v. West India Carriers, Inc.,* 56 F.R.D. 32 (S.D.Fla.1972), and we decline to adopt such a narrow interpretation of the Colora-

2. C.R.C.P. 60(b) provides in pertinent part:
   On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; ...

3. The record on appeal contains only one indication of what happened at the December 7 hearing. The computer-generated registry of actions for that date states, "ORDER: COURT DENIES MOTN FOR NEW TRIAL & MOTN FOR RULE 60(B)." However, counsel for both parties agree in their briefs that the court did vacate and reinstate its own judgment on De-

cember 7, 1982. The defendant's brief quotes extensively the court's written order vacating and reentering the judgment. We therefore assume for purposes of this opinion that the registry of actions contains a clerical error and should indicate that the C.R.C.P. 60(b) motion was granted rather than denied.

4. The plaintiff represented to the Court of Appeals that the filing and granting of the C.R.C.P. 60(b) motion in order to allow consideration of a motion for new trial was a "sham," allowing the defendant "to do indirectly that which could not be done directly" and "to make a mockery of the Rules of Civil Procedure."

do rule. If a party demonstrates the existence of mistake, inadvertence, surprise or excusable neglect that warrants relief from the judgment, and the party timely files the motion for relief, relief may be granted even though the mistake or the excusable neglect occurred after the judgment was entered.

The determination of whether a party's conduct constitutes excusable neglect that justifies relief from a judgment is left to the discretion of the trial court. *General Aluminum Corp. v. Arapahoe County District Court,* 165 Colo. 445, 439 P.2d 340 (1968); *Johnson v. Johnson,* 132 Colo. 236, 287 P.2d 49 (1955). The decision of the trial court will be upheld unless the court has abused its discretion. *Credit Investment & Loan Co. v. Guaranty Bank & Trust Co.,* 166 Colo. 471, 444 P.2d 633 (1968); *Coerber v. Rath,* 164 Colo. 294, 435 P.2d 228 (1967). A party's conduct constitutes excusable neglect when the surrounding circumstances would cause a reasonably careful person similarly to neglect a duty. *Watered Down Farms v. Rowe,* 39 Colo.App. 169, 566 P.2d 710 (1977), *rev'd on other grounds,* 195 Colo. 152, 576 P.2d 172 (1978). Common carelessness and negligence do not amount to excusable neglect. *Id.*

In most cases, the failure to perfect an appeal is not neglect that warrants relief under C.R.C.P. 60. *Cavanaugh v. Department of Social Services,* 644 P.2d 1 (Colo.), *appeal dismissed,* 459 U.S. 1011, 103 S.Ct. 367, 74 L.Ed.2d 504 (1982), *reh'g denied,* 460 U.S. 1104, 103 S.Ct. 1806, 76 L.Ed.2d 369 (1983). In this case, however, the defendant acted in reliance on the district court's assurance that a motion for new trial was unnecessary. This court held in *Converse v. Zinke,* 635 P.2d 882 (Colo.1981), that a trial court's statement on the record that fifteen days rather than ten days are allowed for filing post-judg-

ment motions constitutes a "unique circumstances" exception to the mandatory language for timing of motions. C.R.C.P. 6(b). The trial court retains jurisdiction to rule on such motions if a party reasonably relies on the erroneous statement by the court. 635 P.2d at 886. Similarly, in the present case the defendant reasonably relied on the district court's order purporting to eliminate the need for a new trial motion. The district court did not abuse its discretion in finding that the defendant's reliance constituted excusable neglect [5] and granting the defendant's motion for relief from the judgment.

The plaintiff suggests that the Court of Appeals correctly dismissed the defendant's second appeal because our holding in *Rowe v. Watered Down Farms,* 195 Colo. 152, 576 P.2d 172 (1978) requires a motion for new trial before relief can be granted under C.R.C.P. 60(b). This suggestion, however, would extend impermissibly the holding in *Rowe.* In that case, we held that a motion for new trial was a jurisdictional prerequisite to appellate review of a district court's denial of relief under C.R.C.P. 60(b). In the present case, the defendant is not appealing the district court's ruling on his C.R.C.P. 60(b) motion, but rather a duly entered district court judgment and subsequent denial of his motion for new trial. Therefore, the present case is not an appeal from a judgment for which no motion for new trial has been filed, as was *Rowe.* The Court of Appeals should have considered the defendant's properly filed appeal on the merits.

The order dismissing the appeal is vacated and the case is remanded to the Court of Appeals.

---

**5.** The plaintiff's brief states that the district court made no specific finding regarding excusable neglect. We do not have the district court's order in the record before us, but the defendant's C.R.C.P. 60(b) motion was based on excus-able neglect, a portion of the district court order quoted in the defendant's brief refers to the motion, and we infer that the court's grant of the C.R.C.P. 60(b) motion was based on excusable neglect.