24CA0503 Tucco Home v Air Pros 03-20-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0503
El Paso County District Court No. 22CV30909
Honorable Gregory R. Werner, Judge

Tucco Home Improvements LLC,

Plaintiff-Appellee,

v.

Air Pros One Source LLC,

Defendant-Appellant.

ORDER AFFIRMED

Division III
Opinion by JUDGE MEIRINK
Dunn and Tow, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 20, 2025

Bufkin & Schneider Law, LLC, Bradley T. Bufkin, Colorado Springs, Colorado,
for Plaintiff-Appellee

Jensen Cofer LLC, Trevor L. Cofer, Lars F. Bergstrom, Colorado Springs,
Colorado, for Defendant-Appellant

¶ 1     Defendant, Air Pros One Source LLC (Air Pros), appeals the district court's amended order denying its motion to set aside default judgment in favor of plaintiff, Tucco Home Improvements LLC (Tucco).  We affirm.

## I.     Background

¶ 2     Tucco initiated an action against Air Pros for unpaid contracts. After receiving no response, Tucco filed a motion for default judgment, which the district court granted.  Tucco then filed a writ of garnishment with notice and pending levy, which the district court also granted.

¶ 3     After it learned of the writ, Air Pros moved to set aside the default judgment for excusable neglect under C.R.C.P. 60(b).  Air Pros argued that because of its rapid growth and national expansion outside of Florida, it neglected to provide its new email address to its registered agent, and the agent emailed Tucco's complaint to the old email address.  Air Pros also claimed it had meritorious defenses against each of the ten claims Tucco had raised.  In its motion to set aside default judgment, Air Pros denied that (1) it was Tucco's subcontractor; (2) Tucco had substantially performed its work; (3) Air Pros agreed to pay outstanding nonparty

obligations to Tucco; and (4) Air Pros had any separate fiduciary duties to Tucco for which it could be liable, except for the trust fund claims Tucco asserted in its fourth, six, and eighth claims. Lastly, Air Pros asserted relief from the default judgment was "consistent with considerations of equity."

¶ 4 The district court denied the motion, concluding that Air Pros had not demonstrated excusable neglect. Air Pros appealed the decision, and a division of this court reversed and remanded with directions for the district court to complete the analysis of all three factors outlined in *Goodman Associates, LLC v. WP Mountain Properties, LLC*, 222 P.3d 310 (Colo. 2010). *Tucco Home Improvements LLC v. Air Pros One Source LLC*, (Colo. App. No. 22CA2237, Dec. 7, 2023) (not published pursuant to C.A.R. 35(e)). On remand, the district court again denied the motion on the basis that Air Pros failed to meet any of the three *Goodman* factors.

II. Arguments on Appeal and Preservation

¶ 5 Air Pros contends that the district court erred by denying its motion to set aside default judgment under *Goodman.* Air Pros asserts that the district court (1) misapplied the excusable neglect standard; (2) ignored its claims of a meritorious defense; and

2

(3) failed to consider equitable reasons for setting aside default judgment.

¶ 6　　Air Pros also contends that the district court focused on excusable neglect without analyzing whether mistake, inadvertence, or surprise occurred.  But Air Pros did not raise this argument in the district court.  And we do not consider arguments raised for the first time on appeal.  *Est. of Stevenson v. Hollywood Bar & Cafe, Inc.*, 832 P.2d 718, 721 n.5 (Colo. 1992) ("Arguments never presented to, considered or ruled upon by a trial court may not be raised for the first time on appeal.").

### III.　Standard of Review and Applicable Law

#### A.　Standard of Review

¶ 7　　Other than an argument that a judgment is void under C.R.C.P. 60(b)(3), we review orders denying relief from default judgment for an abuse of discretion.  *Goodman*, 222 P.3d at 314.  A district court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair.  *Id.*  Under this standard, "the court is not bound to decide an issue one way or another, but, instead, has the power to choose between two or more courses of action, each of which is considered a permissible resolution of the

3

question." *Buckmiller v. Safeway Stores, Inc.*, 727 P.2d 1112, 1115 (Colo. 1986).

## B.    Applicable Law

¶ 8    In determining whether to grant relief from a default judgment because of excusable neglect, the trial court must engage in a fact-intensive, three-part inquiry. *Goodman*, 222 P.3d at 319. The three factors that the court must consider are as follows:

(1)    whether the neglect that resulted in the entry of judgment by default was excusable;

(2)    whether the moving party has alleged a meritorious claim or defense; and

(3)    whether relief from the challenged order would be consistent with considerations of equity.

*Id.* While a failure to satisfy any one of these factors may result in the denial of a motion to set aside the default judgment, a court must consider and balance all three factors to determine whether excusable neglect exists under C.R.C.P. 60(b)(1). *Id.* at 319-20.

## IV.  Analysis

### A.  Excusable Neglect

¶ 9     The first *Goodman* factor requires us to analyze whether the district court properly considered excusable neglect.  *Id.* at 319.  "A party's conduct constitutes excusable neglect when the surrounding circumstances would cause a reasonably careful person similarly to neglect a duty."  *In re Weisbard*, 25 P.3d 24, 26 (Colo. 2001) (quoting *Tyler v. Adams Cnty. Dep't of Soc. Servs.*, 697 P.2d 29, 32 (Colo. 1985)).  Common carelessness and negligence do not amount to excusable neglect.  *Id.*  Further, it is a general principle that oversights do not constitute excusable neglect if they resulted from such carelessness or negligence.  *Id.*  Specifically, "carelessness and neglect due to poor office procedures and an apparently overwhelming workload do not justify the failure to respond to [a] complaint."  *Goodman*, 222 P.3d at 322.

¶ 10     Failing to update an email address for over two years with the registered agent that Air Pros selected leans closer to common carelessness and negligence than excusable neglect.  *See Colo. Dep't of Pub. Health & Env't v. Caulk*, 969 P.2d 804, 809 (Colo. App. 1998) ("[E]xcusable neglect involves unforeseen circumstances which

would cause a reasonably prudent person to overlook a required act in the performance of some responsibility."). As the district court correctly stated, the situation was one of Air Pros' own making and that decision has legal consequence.

¶ 11 Further, Air Pros did not monitor its former email address for two years, and Tucco claims it also served Air Pros' manager, Dustin Hood. Updating the contact information for a company is not a singularly unique experience that affected Air Pros during its corporate restructuring. Such a change in operations is commonplace and would be expected to encourage even more attention to detail during the restructuring process.

¶ 12 Thus, we disagree with Air Pros' claim that the district court failed to consider and fully evaluate excusable neglect.

## B. Meritorious Defense

¶ 13 Air Pros next contends that the district court failed to consider that Air Pros established a meritorious defense. We disagree.

¶ 14 A party seeking relief from the judgment under *Goodman* must also show the existence of a meritorious defense. *Dunton v. Whitewater W. Recreation, Ltd.*, 942 P.2d 1348, 1351 (Colo. App. 1997). "A movant must support a claim of meritorious defense by

averments of fact, not simply legal conclusions." *Craig v. Rider*, 651 P.2d 397, 403 (Colo. 1982). The factual allegations must be set forth "with sufficient fullness and particularity to show that a defense is 'substantial, not technical; meritorious, not frivolous; and that [it] may change the result upon trial.'" *Id.* (citation omitted). However, the truth of the allegations need not be proven as long as they are legally sufficient. *Goodman*, 222 P.3d at 319.

¶ 15    The district court determined that while Air Pros made several arguments claiming that it had a meritorious defense, none of the arguments were supported by factual averments. Air Pros primarily argued that Tucco did not properly complete its work and was not entitled to full payment. The affidavit Air Pros submitted, however, focused on the claim that Air Pros did not receive a copy of the summons and complaint and did not allege facts relating to any of Air Pros' defenses.

¶ 16    While Air Pros did not have to prove the truth of its factual allegations, any asserted meritorious defense still had to be set forth with sufficient fullness and particularity to satisfy the second *Goodman* factor. Air Pros did not do this. We therefore agree with

7

the district court's determination that Air Pros did not present the factual averments necessary to establish a meritorious defense.

### C. Equitable Considerations

¶ 17    Finally, Air Pros contends that the district court "did not properly consider whether it was equitable to set aside the default judgment." Again, we disagree.

¶ 18    When assessing whether equitable considerations warrant setting aside default judgments, courts should examine the promptness of the moving party in filing the motion, the fact of any detrimental reliance by the opposing party on the order, and any prejudice to the opposing party if the motion were to be granted. *Buckmiller*, 727 P.2d at 1116. When analyzing these considerations, the underlying goal is to promote substantial justice. *Id.*

¶ 19    With respect to the third *Goodman* factor, the only argument Air Pros presented in its motion to set aside default judgment was that "[r]elief from the challenged order is consistent with considerations of equity and the presumption that disputes should be resolved on the merits, rather than by summary proceedings." Instead of developing its argument under the equitable

consideration criteria, Air Pros presented a conclusory assertion. We therefore agree with the district court's determination that Air Pros' argument did not weigh in favor of granting relief based on considerations of equity.

## D. Conclusion

¶ 20     The district court properly considered the *Goodman* factors and did not abuse its discretion by denying Air Pros' motion to set aside the default judgment.

## V. Appellate Attorney Fees

¶ 21     Because Tucco failed to provide an adequate legal basis, we deny its request for appellate attorney fees. *See* C.A.R. 39.1 ("Mere citation to . . . a statute, without more, does not satisfy the legal basis requirement" for attorney fees on appeal.).

## VI. Disposition

¶ 22     The district court's order is affirmed.

JUDGE DUNN and JUDGE TOW concur.