**Robert D. HEIL, Plaintiff–Appellant,**

v.

**Alan CHARNES, Director of the Motor Vehicle Division, Department of Revenue, State of Colorado, Defendant–Appellee.**

No. 79CA0697.

Colorado Court of Appeals,
Div. I.

April 24, 1980.

Rehearing Denied May 22, 1980.

Certiorari Denied Sept. 22, 1980.

KIRSHBAUM, Judge.

Plaintiff, Robert D. Heil, Jr., appeals a district court judgment affirming the decision of the department to revoke his driver's license for one year. We affirm.

Plaintiff entered a *nolo contendere* plea to the offense of vehicular assault in the Douglas County District Court on June 27, 1977. However, the record of that conviction [1] was not forwarded to the department until February 2, 1979. On April 13, 1979, the department conducted a hearing pursuant to § 42–2–122(3), C.R.S. 1973, and revoked his driver's license on the basis of his 1977 vehicular assault plea.

Plaintiff first contends that the department's decision constitutes a deprivation of due process of law and an abuse of discretion because the record of his conviction was not forwarded to it by the district court within the time period prescribed by statute. We find no violation of plaintiff's rights.

Section 42–2–121(1)(a), C.R.S. 1973 (1979 Cum.Supp.), provides in pertinent part as follows:

"Whenever any person is convicted of any offense for which this article makes mandatory the revocation of the driver's . . . license of such person by the department, the court in which such conviction is had shall require the surrender to it of that person's driver's . . . license, and the court shall, within forty–eight hours after such conviction, forward the same to the department, together with a record of such conviction on the form prescribed by the department."

Section 42–2–122, C.R.S. 1973 (1979 Cum. Supp.) sets forth the department's responsibility upon receipt of a record of conviction requiring revocation as follows:

"(1) The department shall forthwith revoke the license of any driver . . . upon receiving a record showing that such driver has:

. . . . .

Dennis H. Gunther, P. C., Westminster, for plaintiff–appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., James R. Willis, Sp. Asst. Atty. Gen., Denver, for defendant–appellee.

1. *See* § 42–2–123(6)(b), C.R.S.1973.

(c) Been convicted of any felony in the commission of which a motor vehicle was used."

The primary purpose of these statutory provisions is to protect the public safety upon the highways. *Elizondo v. State Department of Revenue*, 194 Colo. 113, 570 P.2d 518 (1977); *People v. Brown*, 174 Colo. 513, 485 P.2d 500 (1971). Viewed in light of this purpose, the statutory requirement that the trial court promptly forward the record of a conviction to the department grants no privilege to convicted drivers, but rather represents an effort to insure the public's safety by providing for the expeditious removal of unsafe drivers from the highways. *See, e. g., State v. Cornelison*, 304 So.2d 758 (La.App.1974). The statute also requires immediate surrender of a license upon conviction–another indication that it is not designed to permit drivers subject to its sanctions to avoid punishment because of an error of administration.

Plaintiff also contends that his right to operate a motor vehicle is a property right, that the action of the department was not a valid exercise of its police power and constituted an abuse of its discretion, and that therefore the department denied him due process of law.

"A person's right to drive an automobile in Colorado is an adjunct of his constitutional right to possess property, but the state may limit that right through proper exercise of its police power when the limitation is based upon a reasonable relationship to the public health, safety and welfare." *Augustino v. Colorado Department of Revenue*, 193 Colo. 273 at 274, 565 P.2d 933 at 934 (1977). Here the limitation bears a reasonable relationship to the public safety, and is, therefore, a valid exercise of the police power. Upon receipt of the record of appellant's conviction, the department promptly conducted a hearing. This represented full compliance with the mandatory requirements of § 42–2–122. The department was not responsible for the delay and had no discretion to ignore its statutory duty. While we do not condone the delay disclosed by the record, plaintiff has neither alleged nor demonstrated any prejudice as a result of the court's failure to forward the record within the statutory time.

Judgment affirmed.

COYTE and VAN CISE, JJ., concur.