Robert Eugene BERRY,
Plaintiff-Appellant,

v.

COLORADO DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, an agency of the State of Colorado, Defendant-Appellee.

No. 82CA0349.

Colorado Court of Appeals,
Div. I.

Sept. 23, 1982.
Rehearing Denied Oct. 14, 1982.
Certiorari Denied Dec. 20, 1982.

James J. Scott, Aurora, for plaintiff-appellant.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Larry A. Williams, Asst. Atty. Gen., Denver, for defendant-appellee.

KELLY, Judge.

Robert Eugene Berry appeals the judgment of the trial court affirming the orders of the Department of Revenue which suspended Berry's driver's license for accumulation of points under § 42-2-123, C.R.S. 1973, and revoking his license as an habitual offender under § 42-2-203, C.R.S.1973. Berry contends that the agency proceedings against him were barred by the Department's failure to hold hearings in a timely manner. We affirm in part and reverse in part.

After successive hearings held before a hearing officer of the Department of Revenue on July 21, 1981, Berry's driver's license was suspended for a period of one year, without the issuance of a probationary license, and was revoked for a period of five years upon a finding that he was an habitual offender. The propriety of these rulings on the merits is not challenged. After review in the district court, the orders were affirmed, but the court modified the revocation period by allowing a one-year credit because of the Department's delay in instituting the hearing.

The record shows that the final offense giving rise to these proceedings occurred on August 3, 1979. It also shows that Berry's record was analyzed by the Department on June 16, 1980. Berry argues that the one-year delay in bringing the matter to hearing bars the Department from taking action to suspend or revoke his license.

We disagree with Berry's contention that § 13-80-104, C.R.S.1973, is applicable here. That statute is a general statute of limitations applying to the commencement of legal actions, not to proceedings before the Motor Vehicle Division of the Department of Revenue. *See State Board of Medical Examiners v. Jorgensen,* 198 Colo. 275, 599 P.2d 869 (1979). Accordingly, we need not decide whether proceedings for license suspension and revocation are penalties or forfeitures within the meaning of that statute.

Neither is this a case involving the provisions of § 24-4-105(10), C.R.S.1973, which provides, in part:

"Every agency shall proceed with reasonable dispatch to conclude any matter presented to it with due regard for the convenience of the parties or their representatives, giving precedence to rehearing proceedings after remand by court order...."

This statute deals with the progress of proceedings before an agency after commencement thereof, and not with delays prior to hearing. *See Zaba v. Motor Vehicle Division,* 183 Colo. 335, 516 P.2d 634 (1973).

Further, while § 42-2-122(1), C.R.S. 1973, authorizes the Department to revoke a license "forthwith" under certain circumstances, there are no statutory provisions in either Title 42 or Title 24, Art. 4, dealing explicitly with the time within which suspension or revocation proceedings must be commenced. We cannot say that a one-year delay in commencing these administrative proceedings ipso factor constitutes a bar to the hearing. *See Heil v. Charnes,* 44 Colo.App. 225, 616 P.2d 980 (1980).

Rather, the problem is akin to preprosecution delay in the filing of an information or presentment of an indictment.

*See People ex rel. Coca v. District Court,* 187 Colo. 280, 530 P.2d 958 (1975); *People v. Orr,* 39 Colo.App. 289, 566 P.2d 1361 (1977). Dur process and fundamental fairness are the primary considerations in determining whether there has been prejudice, and certain factors, among others, to be weighed are whether witnesses have become unavailable; whether the delay was purposeful and intended to be prejudicial; the kind of evidence and quantum of evidence available to prove the case; and whether justice requires that the case be dismissed. *See People ex rel. Coca v. District Court, supra; People v. Orr, supra.* Here, Berry does not purport to show prejudice resulting from the delay. On the contrary, it is uncontroverted that he was authorized to drive pursuant to his driver's license during the delay period.

█ While we affirm the district court's conclusion that the Department properly suspended and revoked Berry's driver's license, we conclude that the district court was without authority to give Berry a one-year credit on the five-year revocation of his license ordered by the Department. Since the error is jurisdictional, a cross-appeal is not required. *People v. Hinchman,* 196 Colo. 526, 589 P.2d 917 (1978); *People v. Henderson,* 196 Colo. 441, 586 P.2d 229 (1978). Section 42–2–205(1)(a), C.R.S.1973, mandates the revocation of an habitual offender's right to operate a motor vehicle for a period of five years. *Fuhrer v. Department of Motor Vehicles,* 197 Colo. 325, 592 P.2d 402 (1979). No statutory authority exists allowing any suspension of the time period required under this section of the statute.

The judgment is reversed as to the one-year credit allowed on the period of license revocation, and is affirmed in all other respects.

SMITH, J., concurs.

COYTE, J., concurs in part and dissents in part.

COYTE, Judge, concurring in part and dissenting in part.

I agree with the majority in its affirmance of the district court's conclusion that the department properly suspended and revoked Berry's driver's license, and I agree that the trial court should not have given Berry a one-year credit on the five-year revocation of his license. However, the department did not file a cross-appeal in this case, and therefore, the majority opinion has improperly treated the latter issue since it is not properly before us. *See Delta v. Thompson,* 37 Colo.App. 205, 548 P.2d 1292 (1975); *see also Watered Down Farms, Inc. v. Rowe,* 39 Colo.App. 169, 566 P.2d 710 (1977), (rev'd on other grounds, 195 Colo. 152, 576 P.2d 172 (1978)). Accordingly, I would affirm the judgment of the trial court in its entirety.