**Paul R. MATTINGLY,**
**Plaintiff-Appellant,**

v.

**Alan M. CHARNES, Director of the Department of Revenue, State of Colorado; Hearing Officer John Strombeck; and the Department of Revenue, Motor Vehicle Division of the State of Colorado, Defendants-Appellees.**

No. 84CA0288.

Colorado Court of Appeals,
Div. I.

April 18, 1985.

Law Firm of Leonard M. Chesler, Jeffrey S. English, Denver, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Anthony S. Trumbly, Asst. Atty. Gen., Denver, for defendants-appellees.

SMITH, Judge.

Paul R. Mattingly appeals the trial court's judgment affirming the Department of Revenue's (department) revocation of his driver's license pursuant to the express consent law. Sections 42–2–122.1(1)(a) and 42–2–103(3)(c), C.R.S. (1984 Repl.Vol. 17). We affirm the trial court's decision.

On July 3, 1983, Mattingly was charged with driving while under the influence after refusing to submit to a chemical test for blood alcohol content. The arresting officer prepared and served Mattingly with a notice of revocation or denial which included a provision for requesting a hearing. Mattingly thereafter requested an administrative hearing pursuant to § 42–2–122.1(7)(a), C.R.S. (1984 Repl.Vol. 17).

Section 42–2–122.1(7)(e), C.R.S. (1984 Repl.Vol. 17) provides that once a hearing has been requested, it shall be held not later than sixty days after filing the request. This section further requires that:

"the department shall provide a written notice of the time and place of the hearing to the party requesting the hearing at least twenty days prior to the scheduled hearing unless the parties agree to waive this requirement."

A notice dated July 15, 1983, was sent to Mattingly by certified mail, return receipt requested, stating that the requested hearing was scheduled for August 8, 1983. Apparently the notice was not mailed until July 20, 1983, as evidenced by the date stamp on the envelope Mattingly received.

The hearing was held as scheduled, and, at its conclusion, the department hearing officer revoked Mattingly's license. Mattingly thereafter sought judicial review in the district court under § 42–2–122.1(9), C.R.S. (1984 Repl.Vol. 17). The district court affirmed the order of revocation declaring that the sole issue raised as grounds for reversal, the department's failure to comply with the twenty day notice provision was not raised at the administrative hearing and thus was not properly before the court. Mattingly now appeals the district court's judgment.

Mattingly contends that the department lacked jurisdiction to revoke his license and to conduct the hearing he had requested because the department did not comply with § 42–2–122.1(7)(e), C.R.S. (1984 Repl. Vol. 17) in that the hearing was held less than twenty days after he received notice and that he did not waive his right to receive twenty days notice. We disagree.

■ While the failure of the department to give the full twenty days notice may have entitled Mattingly to a continuance, it did not deprive the department of jurisdiction to hold a hearing, nor did it void the revocation which had already occurred. See *Edwards v. Steele*, 25 Cal.3d 406, 158 Cal.Rptr. 662, 599 P.2d 1365 (1979).

Here, Mattingly admittedly received the notice, albeit less than twenty days prior to the hearing. Moreover, both he and his attorney appeared on August 8, 1983, as specified in the notice. Neither Mattingly nor his attorney requested a continuance or objected to the proceeding on grounds that Mattingly was in any way prejudiced by the fact that he had insufficient notice, nor did they assert that the department lacked jurisdiction to proceed with the hearing.

■ One who is notified, appears, and participates in a hearing, cannot later be heard to complain as to the sufficiency of notice he received. *First National Bank v. Oklahoma Savings & Loan Board*, 569 P.2d 993 (Okla.1977). This principle also applies to those appearing before administrative agencies. *First National Bank v. Oklahoma Savings & Loan Board, supra; DeLuca v. Board of Supervisors*, 134 Cal. App.2d 606, 286 P.2d 395 (1955). Thus, Mattingly may not assert the shortened notice period as a basis for invalidating the

license revocation that resulted from the hearing.

The purpose of the statutory notice provision is to provide the parties with time to prepare for the hearing. It does not necessarily require that the hearing itself must be held more than twenty days after the notice has been provided. In fact, the statute itself contemplates that the parties "may agree to waive" the twenty day requirement.

Although Mattingly did not make an express waiver, the fact that he and his attorney appeared and argued the merits of the license revocation but did not object to the timeliness of the notice demonstrates his willingness to forego receipt of timely notice and, in our view, constitutes a waiver.

An administrative agency's decision will not be reversed unless the substantial rights of the party are prejudiced. *Survivors of Medeiros v. Maui Land & Pineapple Co.*, 660 P.2d 1316 (Haw.1983); *see Lopez v. Motor Vehicle Division*, 189 Colo. 133, 538 P.2d 446 (1975); *see Heil v. Charnes*, 44 Colo.App. 225, 616 P.2d 980 (1980). We perceive no prejudice affecting Mattingly's substantial rights under the circumstances of this case. Thus, the department's determination and the district court's confirmation must stand.

Judgment affirmed.

PIERCE and BABCOCK, JJ., concur.