**John O. IREY, Plaintiff-Appellant,**

**v.**

**Carolyn NIELSON, Hearing Examiner for Colorado Department of Revenue, Motor Vehicle Division; George Theobald, Hearing Division Director, Colorado Department of Revenue, Motor Vehicle Division; Alan Charnes, Manager of the Colorado Department of Revenue, Defendants-Appellees.**

**No. 84CA1060.**

Colorado Court of Appeals,
Div. II.

Feb. 13, 1986.

Griffith & Beach, Otis W. Beach, Bradford L. Allin, Fort Collins, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia Nimerichter, Asst. Atty. Gen., Denver, for defendants-appellees.

STERNBERG, Judge.

The plaintiff, John O. Irey, appeals a judgment affirming the revocation of his driver's license by the Department of Revenue. We affirm.

Irey was stopped by a police officer who saw his automobile weaving from lane to lane. As Irey got out of his car, the arresting officer noticed that he appeared to lose his balance. The officer detected a strong odor of alcohol on plaintiff's breath. After Irey failed a roadside sobriety test, he was arrested and charged with violations of § 42–4–1202(1)(a), C.R.S. (1984 Repl.Vol. 17) (driving under the influence) and § 42–4–907, C.R.S. (1984 Repl.Vol. 17) (failing to drive in a single lane). He was not, however, charged with a violation of § 42–4–1202(1.5), C.R.S. (1984 Repl.Vol. 17) (driving a motor vehicle while having a blood alcohol content over prescribed limits).

Irey was given a standard advisement of his express consent rights and elected a blood test. The test revealed an alcohol content of .223 grams per hundred milliliters of blood. After notice of revocation and hearing pursuant to § 42–2–122.1(7), C.R.S. (1984 Repl.Vol. 17), revocation of plaintiff's license was ordered. On appeal, the district court affirmed the hearing officer's order.

Irey argues before this court that the order of revocation was wrongly issued and erroneously affirmed because the motor vehicle division has not statutory authority to conduct a § 42–2–122.1 hearing unless the respondent therein has been charged, specifically, with a violation of § 42–4–1202(1.5). He contends that § 42–2–122.1 should be read to mean that a revocation determination may not be made unless the hearing officer bases it on a report containing information relevant to actions taken in enforcement of § 42–4–1202(1.5). He further contends that the General Assembly intended

this result in these circumstances and that if it had intended that a license was subject to revocation any time it could be shown that a person had been driving with excessive blood alcohol content, it would neither have enacted § 42–4–1202(1.5) as a distinct crime nor specifically referred to § 42–4–1202(1.5) in § 42–2–122.1. We disagree with this argument.

Section 42–2–122.1 states, in pertinent part, that the Department of Revenue:

"(1)(a) . . . shall revoke the license of any person upon its determination that the person:

(I) Drove a vehicle in this state when the amount of alcohol is such person's blood was 0.15 or more grams of alcohol per hundred milliliters of blood or 0.15 or more grams of alcohol per two hundred ten liters of breath at the time of the commission of the alleged offense or within one hour thereafter, as shown by chemical analysis of such person's blood or breath. . . .

(b) The department shall make a determination of these facts on the basis of the report of a law enforcement officer required in subsection (2) of this section, and this determination shall be final unless a hearing is requested and held. If a hearing is held, the department shall review the matter and make a final determination on the basis of evidence received at the hearing. . . .

(2)(a) A law enforcement officer who arrests any person for a violation of section 42–4–1202(1.5) shall forward to the department a verified report of all information relevant to the enforcement action, including . . . a statement of the officer's grounds for belief that the person violated section 42–4–1202(1.5). . . .

(3)(a) Upon receipt of the report of the law enforcement officer, the department shall make the determination described in subsection (1) of this section. . . .

.    .    .    .    .

(8)(c) The sole issue at the hearing shall be whether by a preponderance of the evidence the person drove a vehicle in

this state when the amount of alcohol in such person's blood was 0.15 or more grams of alcohol per hundred milliliters of blood or 0.15 or more grams of alcohol per two hundred ten liters of breath at the time of the commission of the alleged offense...."

The primary purpose of this statute is to insure public safety on the highways. *See Elizondo v. State Department of Revenue*, 194 Colo. 113, 570 P.2d 518 (1977); *Heil v. Charnes*, 44 Colo.App. 225, 616 P.2d 980 (1980). Remedial statutes such as this are to be construed liberally in the public interest. *See People ex rel. McGaffey v. District Court*, 23 Colo. 150, 46 P. 681 (1896); *Phillips v. Monarch Recreation Corp.*, 668 P.2d 982 (Colo.App. 1983). In determining the meaning of a particular word, phrase, or statute, the meaning of the entire statute or relevant portion thereof should be considered. *See Board of County Commissioners v. City & County of Denver*, 194 Colo. 252, 571 P.2d 1094 (1977).

Subsection (1)(a)(I) of this statute is a general directive mandating the Department to revoke a driver's license upon its determination that the licensee, while driving, had a blood alcohol content in excess of the statutory limits. It does not limit this power to instances in which there are specific criminal charges filed against the driver. Subsection (b) may be read to say that a determination made without a hearing must be made on the basis of the report required by subsection (2), while a determination made after a hearing must be made on the basis of evidence received at the hearing. Subsection (8)(c) does not state that the issues at such a hearing are the blood alcohol content of the driver *and* whether he has been charged under § 42-4-1202(1.5). The statute does expressly require that when a person is arrested under § 42-4-1202(1.5), the arresting officer must forward the information described in subsection (2) to the Department of Revenue, but it does not preclude such action under other circumstances. Thus, we do not read the statute as requiring that a specific criminal charge is an indispensable condition to revocation of a driver's license under § 42-2-122.1.

Here, while it is undisputed that plaintiff was not charged under § 42-4-1202(1.5), and that, as a consequence, the information appearing in the verified report that was before the hearing officer does not comply with the letter of subsection (2)(a), the record does reveal that the arresting officer's report contained grounds for stopping plaintiff's vehicle which would have been adequate to sustain a belief that plaintiff was in violation of § 42-2-1202(1.-5). More to the point, it is also uncontroverted that plaintiff was charged with a drunk driving offense and that his blood alcohol content was such that he could have been charged under § 42-4-1202(1.5).

Under these circumstances, we conclude that the revocation of plaintiff's license was consistent with the underlying statutory intent of prohibiting intoxicated persons from driving on the public highways. To hold that revocation of a drunk driver's license must be predicated on the filing of charges in enforcement of any specific offense would unnecessarily restrict implementation of this salutary policy. Such interpretation is not required by the statute. Nor do we perceive any prejudice to plaintiff; indeed, he avoided being charged with the more serious offense.

Accordingly, the judgment is affirmed.

SMITH and VAN CISE, JJ., concur.