Alfred Wayne BATH, Plaintiff–Appellee,

v.

DEPARTMENT OF REVENUE OF the STATE OF COLORADO, MOTOR VEHICLE DIVISION, Defendant–Appellant.

No. 86CA1670.

Colorado Court of Appeals,
Div. VII.

Sept. 8, 1988.

Hammond, Clark & White, Gregory A. White, Jennifer J. Stocker, Loveland, for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Eric V. Field, Asst. Atty. Gen., Denver, for defendant-appellant.

PIERCE, Judge.

The Department of Revenue appeals from the district court judgment reversing its revocation of the driver's license of plaintiff, Alfred Wayne Bath. We reverse.

The evidence at the revocation hearing established the time that plaintiff was driving as 12:04 a.m. on April 14, 1986. Following his arrest for driving under the influence of alcohol, plaintiff took an intoxilyzer test of his breath at 1:04 a.m. that same day. Based on the test results, the hearing officer revoked plaintiff's driver's license. The district court reversed the revocation, ruling that the breath test was not given within one hour of the alleged offense.

The sole issue for review is whether a chemical test taken exactly sixty minutes after the commission of the alleged offense complies with that portion of the statute requiring that the test be given "within one hour" thereafter. We hold that it does.

In order to sustain a driver's license revocation, § 42–2–122.1(1)(a)(I), C.R.S. (1984 Repl.Vol. 17), in effect at the time, required that a blood or breath test be given "at the time of the commission of the alleged offense or within one hour thereafter." *See Charnes v. Olona,* 743 P.2d 36 (Colo.1987); *Colorado Division of Revenue v. Lounsbury,* 743 P.2d 23 (Colo.1987). This statute is remedial in nature and designed to insure the public safety on the highways; therefore, it should be construed liberally in accordance with the public interest. *Nefzger v. Colorado Department of Revenue,* 739 P.2d 224 (Colo.1987); *Irey v. Nielson,* 716 P.2d 486 (Colo.App.1986).

Therefore, we conclude that "within one hour thereafter" means up to and including the entire sixtieth minute after the commission of the alleged offense. Such an interpretation is consistent with the legislative intent of the statute and its purpose. *See*

Hearings on H.B. 1287 before the Senate State Affairs Committee, 54th General Assembly, 1st Session, April 27, 1983.

Accordingly, the hearing officer properly found that the breath test was timely given, and the district court erred in ruling to the contrary.

The judgment is reversed and the cause is remanded to the district court with directions to reinstate the order of revocation.

STATLER and CALVERT, JJ.* concur.