**Kurt WUNDER, Plaintiff–Appellee,**

v.

**DEPARTMENT OF REVENUE of the State of Colorado, MOTOR VEHICLE DIVISION, Defendant–Appellant.**

**No. 92CA1614.**

Colorado Court of Appeals,
Div. IV.

Dec. 2, 1993.

Daniel & Thom, P.C., Bobby Lane Daniel, Norman R. Thom, Colorado Springs, for plaintiff-appellee.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Mark W. Gerganoff, Asst. Atty. Gen., Denver, for defendant-appellant.

Opinion by Judge JONES.

The Department of Revenue (Department) appeals from the district court judgment reversing its revocation of the driver's license of plaintiff, Kurt Wunder, which the Department had ordered in administrative proceedings pursuant to § 42–2–122.1, C.R.S. (1993 Repl.Vol. 17). The central issue on appeal is whether the notice requirements contained in § 42-2-122.1(7)(e), C.R.S. (1993 Repl.Vol. 17) regarding the location of such revocation hearings are jurisdictional. We hold that these statutory notice requirements are not jurisdictional, and therefore, we reverse the district court's judgment.

Section 42–2–122.1(7)(e) provides, in pertinent part, that the Department "shall provide a *written notice* of the time and *place* of the hearing" to the licensee "at least *ten days prior* to the scheduled or rescheduled hearing, unless the parties agree to waive this requirement." (emphasis added)

Here, the Department initially sent plaintiff a timely written notice of the scheduled revocation hearing in compliance with these requirements, advising plaintiff that the hearing was set for December 10, 1991, at the Department's office in Security, Colorado. However, the record reveals that, on the morning of the scheduled hearing, the Department orally notified plaintiff that the location of the hearing had been changed to the Department's office in Colorado Springs, Colorado.

The hearing was held as scheduled at the new location. Plaintiff and his attorney appeared for the hearing at the new location, but only to contest the Department's jurisdiction to proceed at that point. Plaintiff asserted that he had not been given proper advance notice of the change in the hearing location in compliance with the foregoing statutory requirements and that the Department's statutory violation in this respect was jurisdictional.

The hearing officer rejected plaintiff's argument, ruling that the Department had indeed erred in failing to notify him of the new location for the hearing in writing ten days in advance, but that this error was not fatal to the Department's jurisdiction. Plaintiff, thereupon, declined to participate in the remainder of the hearing and left the room, electing to stand on his jurisdictional argument. The remainder of the hearing was then conducted in plaintiff's absence, after which the hearing officer ordered the revocation, based on the evidence presented at the hearing.

On review, the district court reversed the revocation, ruling that the Department had failed to comply with the foregoing statutory notice requirements regarding the location of the hearing. The district court further ruled that the Department's statutory violation in this regard rendered the revocation "a nullity" and violated plaintiff's due process rights.

We agree with the Department that the district court erred in so ruling.

■ We first note that, contrary to the Department's argument on appeal, we agree with the district court that the Department's failure to give plaintiff ten days advance written notice of the change in the location of the hearing was in violation of the statutory notice requirements set forth in § 42-2-122.-1(7)(e).

Thus, the issue here concerns the consequences of the Department's statutory violation in this respect, and specifically whether this statutory violation is jurisdictional. Contrary to the district court's analysis and plaintiff's argument, we conclude that this statutory violation does not constitute a jurisdictional defect and does not warrant the reversal of the revocation here.

We find *Mattingly v. Charnes,* 700 P.2d 927 (Colo.App.1985) to be controlling as to this jurisdictional issue. In *Mattingly,* this court rejected a licensee's argument that the Department lacked jurisdiction over such revocation proceedings because of its failure to comply with certain of the other notice requirements of § 42-2-122.1(7)(e) in its scheduling of the requested hearing.

■ As noted by plaintiff, however, unlike in *Mattingly,* here plaintiff objected to the Department's statutorily defective notice and did not waive his statutory right to receive ten days advance written notice of the change in the location of the hearing. Nevertheless, in *Mattingly,* this court rejected the argument that the Department's noncompliance with the statutory notice requirements of § 42-2-122.1(7)(e) is jurisdictional, and we continue to adhere to this ruling. *See also McClellan v. State,* 731 P.2d 769 (Colo.App.1986) (holding that statutory requirements regarding the location of such revocation hearings are not jurisdictional, but instead are matters of venue).

In so ruling, we are not unmindful of the holding in *Wilson v. Hill,* 782 P.2d 874 (Colo. App.1989). In *Wilson,* this court held that the sixty-day time limit set forth in § 42-2-122.1(7)(e) for the Department to *hold* a revocation hearing is jurisdictional. However, contrary to plaintiff's argument, *Wilson* is not in conflict with *Mattingly,* as the holding in *Wilson* does not apply to the *notice* requirements regarding the *scheduling* of revocation hearings. Rather, *Mattingly* and *Wilson* each control the different jurisdictional consequences of the Department's noncom-

pliance with different procedural requirements regarding revocation hearings under separate provisions of § 42–2–122.1(7)(e), which serve different purposes and which are governed by different statutory language.

■ Moreover, a revocation may not be reversed on judicial review based on the Department's non-jurisdictional statutory violation unless the substantial rights of the licensee are prejudiced by the Department's error. *Alford v. Tipton*, 822 P.2d 513 (Colo. App.1991); *Mattingly v. Charnes, supra.*

■ Here, plaintiff has neither alleged nor demonstrated any prejudice in any manner resulting from the Department's statutory violation. To the contrary, notwithstanding the Department's statutorily defective notice, plaintiff appeared at the new location for the hearing, and there is nothing in the record indicating that his ability to participate in the hearing at that time was in any way prejudiced or that he was in any other way adversely affected by the Department's improper notification of the change in the location for the hearing.

Under these circumstances, we perceive no reversible error in the Department's action in holding the revocation hearing as scheduled at the new location, despite the improper notice given concerning the change in its location. Rather, because plaintiff was not prejudiced by the statutorily defective notice given him, this non-jurisdictional statutory violation constituted only harmless error by the Department. *See Shumate v. Department of Revenue*, 781 P.2d 181 (Colo.App. 1989); *Mattingly v. Charnes, supra; see also Alford v. Tipton, supra.*

■ Furthermore, contrary to the district court's analysis and plaintiff's argument, we also perceive no violation of plaintiff's due process rights by the Department's actions in this case.

Again, notwithstanding the Department's statutorily defective notice here, the record reveals that plaintiff had actual notice of the change in the location of the hearing, appeared at the new location, and had a full opportunity to participate in the adjudication of the merits of the revocation action in the hearing at that time. As noted above, plain-

tiff declined to participate in the hearing at that time, not because of any prejudice arising from the Department's improper notice, but because he elected to stand solely on his ill-founded jurisdictional argument.

However, actual notice and a reasonable opportunity to be heard were sufficient to satisfy plaintiff's due process rights in this matter. *See Ault v. Department of Revenue*, 697 P.2d 24 (Colo.1985) (rejecting licensee's due process argument and upholding revocation despite *lack* of actual notice of pending revocation hearing *at any time* ).

Accordingly, the judgment of the district court is reversed, and the cause is remanded to that court with directions to reinstate the Department's order of revocation.

STERNBERG, C.J., and RULAND, J., concur.