Charles J. MITCHEK, Plaintiff–
Appellant,

v.

DEPARTMENT OF REVENUE, MOTOR
VEHICLE DIVISION, State of Colora-
do, K. Wynkopp, Hearings Officer, De-
fendants–Appellees.

No. 95CA0305.

Colorado Court of Appeals,
Div. IV.

Jan. 25, 1996.

Stanley A. Brinkley, Lamar, for Plaintiff–
Appellant.

Gale A. Norton, Attorney General, Ray-
mond T. Slaughter, Chief Deputy Attorney
General, Timothy M. Tymkovich, Solicitor
General, Clifton D. Hypsher, Assistant Attor-
ney General, Denver, for Defendants–Appel-
lees.

Opinion by Judge NEY.

Plaintiff, Charles J. Mitchek, appeals from
the district court judgment affirming the rev-
ocation of his driver's license by the Depart-
ment of Revenue (Department). We affirm.

Following an administrative hearing, the
Department revoked plaintiff's driver's li-
cense pursuant to the statute now codified as
§ 42–2–126, C.R.S. (1995 Cum.Supp.) for re-
fusing to submit to testing as required by the
express consent law. The district court up-
held the revocation, and this appeal followed.

Plaintiff contends that the revocation order
must be reversed and the revocation action
must be dismissed because the Department
improperly denied his motion for change of
venue and violated the statutory require-
ments governing the location of the revoca-
tion hearing. Specifically, plaintiff contends
that the Department committed reversible
error in failing to change the location of the
revocation hearing from Colorado Springs to
Lamar. We are unpersuaded.

As noted by plaintiff, the statutory provi-
sion now codified as § 42–2–126(9)(a), C.R.S.
(1995 Cum.Supp.) requires the Department
to hold such a revocation hearing in the
"district office" nearest to where the driving
violation occurred, unless the parties agree to
a different location.

The record shows that the driving violation
in this case occurred near Cheyenne Wells

and the revocation hearing was held as scheduled in Colorado Springs.

At the outset of the hearing, plaintiff's counsel objected to venue in Colorado Springs and moved that the hearing be rescheduled and held in Lamar. Counsel asserted that Cheyenne Wells was 130 miles from Colorado Springs and only 61 miles from Lamar and that some hearings for persons stopped in Cheyenne Wells had been conducted in Lamar. Counsel further asserted that it was "upsetting" that his client had to come to Colorado Springs without his agreement in violation of the statutory requirement that the hearing be conducted in the district office closest to the occurrence.

The hearing officer denied the motion and rejected counsel's argument, specifically ruling that the Department did not have a "district office" in Lamar. While acknowledging that the Department conducted some hearings there "for convenience" in "consent type situations," the hearing officer ruled that Colorado Springs was the proper venue for the hearing because that office was the closest "district office" to Cheyenne Wells.

The statutory requirements governing the location for the conduct of a revocation hearing are not jurisdictional, but instead are matters of venue. *McClellan v. State*, 731 P.2d 769 (Colo.App.1986). Further, a revocation may not be reversed on review based on a non-jurisdictional statutory violation by the Department unless the substantial rights of the licensee are prejudiced by the Department's error. *Wunder v. Department of Revenue*, 867 P.2d 178 (Colo. App.1993).

Here, plaintiff failed to demonstrate any prejudice resulting from the asserted statutory violation. To the contrary, the record shows that plaintiff appeared at the revocation hearing in Colorado Springs together with his attorney and a supporting witness and fully participated in the adjudication of the merits of the revocation action. There is also nothing in the record indicating that plaintiff's ability to participate in the hearing was in any way prejudiced by the fact that it was conducted in Colorado Springs. Thus, the asserted statutory violation in the loca-

tion of the hearing was harmless and does not warrant the reversal of the Department's revocation order. *See Wunder v. Department of Revenue, supra.*

Accordingly, the district court properly upheld the revocation and its judgment is affirmed.

TAUBMAN and KAPELKE, JJ., concur.